IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CRISTIAN MARQUEZ RODRIGUEZ | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-0079 (AJT-WEF) |
| DONALD TRUMP, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Cristian Marques Rodriguez's Petition for Writ of Habeas

Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs

Enforcement ("ICE") custody that began on January 12, 2026 on the grounds that his ongoing

detention at Riverside Regional Jail violates the Immigration and Nationality Act (the "INA") and

his constitutional due process rights. Upon consideration of the Petition, the memoranda in support

thereof, [Doc. Nos. 1, 2, 11], and in opposition thereto, [Doc. No. 10], and for the reasons stated

below, the Petition is DENIED.

## I.   BACKGROUND[1]

Petitioner is a citizen of Mexico who entered the United States in 2008, and was

subsequently found to be inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) as a noncitizen who

---

[1] Petitioner's immigration history is based on the sworn declaration of Charles M. Byrne, Assistant Field Office Director, submitted together with Respondents' Opposition to the Petition. [Doc. No. 10-1]. Petitioner does not dispute the accuracy or completeness of that recounted history in Byrne's declaration, but contends that the Court should not consider it since the officer does not possess personal knowledge of the requisite facts. [Doc. No. 11] at 2. As stated under oath, the recitation of Petitioner's immigration history is based on the declarant's review of the Petitioner's files, records and databases maintained by ICE. [Doc. No. 10-1] at 3. The declarant has demonstrated sufficient personal knowledge of Petitioner's immigration history for the Court to consider that information. *See United States v. Carter*, No. 3:07CR230, 2013 WL 394717, at *2 (E.D. Va. Jan. 31, 2013) (emphasizing, in Section 2255 action, that "facts offered by affidavit or sworn declaration . . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated") (internal quotation marks omitted); *United States v. Jones*, No. 3:09CR203-HEH, 2015 WL 3456591, at *1 n.1 (E.D. Va. May 29, 2015) ("A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits.").

falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under the INA; and 8 U.S.C. § 1182(a)(7)(A)(i)(I) as a noncitizen who, at the time of application for admission to the United States was not in possession of any valid entry document. [Doc. No. 10-1] ¶ 6. On July 23, 2008, Petitioner was issued a Form I-860 ( Notice and Order of Expedited Removal) pursuant to 8 U.S.C. § 1225, and removed to Mexico that same day. *Id.* ¶ 7. Six days later, on July 29, 2008, U.S. border patrol agents again encountered Petitioner in San Diego, California, and Petitioner was granted a Voluntary Return to Mexico, and returned to Mexico. *Id.* ¶ 8.

On January 9, 2026, Petitioner was encountered by ICE officers at or near Midlothian, Virginia, where the officers determined Petitioner was present in the United States without being admitted or paroled and took Petitioner into civil immigration custody. *Id.* ¶¶ 9–10. On January 10, 2026, Petitioner was issued a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) pursuant to 8 U.S.C. § 1231(a)(5). *Id.* ¶ 10. Petitioner stated that he did not fear persecution or torture if he were returned to Mexico, his country of citizenship. *Id.* Petitioner is currently detained at Caroline Detention Facility. *Id.* ¶ 11.

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.   DISCUSSION

Petitioner contends that (1) his detention violates the INA and his due process rights and (2) that his membership in the *Maldonado Bautista v. Santacruz* class entitles him to a bond

2

hearing. [Doc. No. 1] at 17.[2] Respondents submit that Petitioner, who is subject to a reinstated order of removal, and has been detained for less than two months, fails to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. [Doc. No. 10]. The Court agrees.

Petitioner, who has been ordered to be removed from the United States under 8 U.S.C. § 1227(a)(1)(A), is being detained pursuant to 8 U.S.C. § 1231, rather than 8 U.S.C. § 1226, which only applies to individuals who, unlike Petitioner, have pending removal proceedings, rather than a final order of removal. *See Doe v. Perry*, 2022 WL 1837923 (E.D. Va. Jan. 31, 2022) (holding that once an individual "has been ordered removed, the 'removal period' commences" and 8 U.S.C. § 1231 governs rather than 8 U.S.C. § 1226).

Under 8 U.S.C. § 1231(a)(1)-(2), an individual such as the Petitioner, who is subject to a final order of removal, shall be detained during the ninety (90) day "removal period" in order to execute their removal.[3] In *Zadvydas v. Davis*, the Supreme Court held that detention pursuant to Section 1231 must be "only for a period *reasonably necessary* to secure the [noncitizen's] removal," and that the detention of a post-removal order noncitizen is "presumptively reasonable" for six months, after which an individual is entitled to habeas relief upon demonstration that the detention is "indefinite"—*i.e.*, that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 682, 699–701 (2001); *see also Clark v. Suarez–Martinez*, 543 U.S. 371, 377–78 (2005) (extending *Zadvydas* to

---

[2] Because the Court concludes that Petitioner is being detained pursuant to 8 U.S.C. § 1231, which Petitioner acknowledges takes him out of the *Maldonado Bautista v. Santacruz* class, Petitioner is not entitled to relief under *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

[3] Under the statute, the removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

noncitizens ordered removed who are inadmissible under § 1182). "If the [noncitizen] makes these prima facie showings, the burden shifts to the government to provide evidence in rebuttal." *Menghua Wan v. Crawford*, 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (citing *Zadvydas*, 533 U.S. at 701).

Here, the Respondents are seeking to remove Petitioner based on a reinstated order of expedited removal pursuant to 8 U.S.C. § 1231(a)(5), which permits the government, upon a finding that the noncitizen "reentered the United States illegally after having been removed or having departed voluntarily" to reinstate the noncitizen's prior order of removal from its original date with no opportunity for the noncitizen to seek relief under this chapter. 8 U.S.C. § 1231(a)(5). Nevertheless, Petitioner's detention is still subject to the holding in *Zadvydas* that detention of a noncitizen that has been ordered removed should be no longer than "a period reasonably necessary to secure the [noncitizen's] removal," and therefore the Court applies *Zadvydas* as the governing framework for Petitioner's due process challenge. *Zadvydas*, 533 U.S. at 682.[4]

Based on the current record, Petitioner has failed to satisfy his burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner has been in detention for less than six months, the period for which the Supreme Court has recognized detention pending removal proceedings to be "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. And although this Court has previously recognized that the *Zadvydas* six-month presumption is rebuttable even before the six-month mark, Petitioner has pointed to no

---

[4] Although it is unclear from the record when Petitioner's removal period began based on the expedited removal order first issued in 2008, Petitioner's removal period has long concluded. Nevertheless, this Court has previously recognized that "the government's failure to detain the Petitioner during the removal period or immediately thereafter does not eliminate the Government's ability to detain Petitioner for the purpose of enforcing that removal order at this time." *Piao v. Lyons*, No. 1:25-CV-1725, 2025 WL 3046783, at *2 (E.D. Va. Oct. 31, 2025). Thus, the only question before the Court is whether Petitioner, who has been in detention for less than two months, has demonstrated that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" such that his detention violates due process. *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001).

facts sufficient to rebut that presumption in this case, particularly given Petitioner's past removals to Mexico, one voluntary, the absence of any asserted grounds for the withholding of removal to Mexico, and Respondents' stated intention to effectuate Petitioner's removal to Mexico once this Court lifts its Order preventing his transfer, thereby demonstrating that they are taking "active steps to secure removal [of Petitioner] at some point in the future." *Menghua Wan*, 2014 WL 970180, at *3. For these reasons, Petitioner has failed to satisfy his burden that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 699–701.

### IV.   CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Petition be, and the same hereby is, DENIED.

The Clerk is directed to send copies of this Order to all counsel of record.

February 18, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

5